**SO ORDERED.**

**SIGNED October 2, 2017.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**
_____

```
              UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA

IN RE:

R. ALAN KITE,                          CASE NO. 13-20270

    Debtor                             Chapter 7
-------------------------------------------------------------
                    MEMORANDUM RULING
-------------------------------------------------------------
```

The present matter involves an objection to the proof of claim of an attorney who provided legal services to the debtor and his affiliated entities. Kenneth Michael Wright filed two proofs of claim in the above-captioned bankruptcy case: (1) Claim Number 12 in the amount of $374,817.68, and (2) Claim Number 13 for $74,363.00. Claim Number 12 allegedly represents pre-petition services provided to the debtor, R. Alan Kite. Claim Number 13 allegedly represents post-petition services. The Trustee and two creditors, Kite Bros., LLC, and Robert J. Kite objected to both claims. At a hearing on these objections, the court sustained the

objections to Claim Number 13 on the ground that it was an attempt to assert an untimely administrative expense claim. The court took the objections to claim Number 12 under advisement following the hearing. After reviewing the record, the parties' arguments, and the relevant authorities, the court rules as follows.

**JURISDICTION**

The court has jurisdiction over the matters asserted in this adversary proceeding pursuant to 28 U.S.C. §§1334 and 157(a). This matter is a core proceeding in which this court may enter a final order pursuant to 28 U.S.C. §157(b)(2)(I) and (J) and <u>Stern v. Marshall</u>, 564 U.S. 462, 131 S.Ct. 2594 (2011). The following Memorandum Ruling shall constitute the court's findings of fact and conclusions of law.

**BACKGROUND**

The present dispute over the legal fees of Kenneth Michael Wright marks only the latest dispute in a long line of disputes that has divided members of the Kite family for over a decade. This fee dispute originated in three related state court proceedings. These proceedings involved Robert J. Kite and his two sons, R. Alan Kite (the debtor) and Jeffery Kite. In 2006, Robert Kite terminated the debtor from the family's RV sales business, Kite Bros., LLC. In response, the debtor and Jeffery Kite formed their own competing business, Kite RV, LLC. Two competing state court lawsuits were

-2-

then filed by members of the Kite family and their respective companies: <u>Alan Kite and Jeffery Kite v. Kite Bros., LLC and Robert J. Kite</u>, No. C-2006-0241 (36th JDC), and <u>Kite Bros., LLC and Robert J. Kite v. Alan Kite and Jeffery Kite</u>, No. C-2007-1110 (36th JDC). These two cases were ultimately consolidated. In or around 2008, the debtor and his brother had a falling out over Kite RV. Debtor then commenced a court-ordered liquidation proceeding and was appointed by the court as liquidator of Kite RV.[1] Jeffery Kite and Kite RV then filed yet another state court action against the debtor and his newly-formed company, R. Alan Kite, LLC.[2] At various phases of this litigation, Mr. Wright represented the debtor individually, the debtor as the court-appointed liquidator of Kite RV, Kite RV, and R. Alan Kite, LLC. The record includes an engagement letter between Wright, on the one hand, and Kite RV and Alan Kite individually. (Exhibit No. 14). The record also includes an engagement agreement dated May 9, 2008 between Wright and "Alan Kite as liquidator of Kite RV, LLC." (Exhibit No. 15)(attached as response to Request for Production No. 5).

Alan Kite filed for relief under Chapter 11 of the Bankruptcy Code on April 1, 2013. The case was subsequently converted to a

---

[1] <u>In re Kite RV, LLC</u>, No. D-2008-2682 (14th JDC).

[2] <u>Jeffery D. Kite and Kite RV, LLC v. Alan Kite and R. Alan Kite, LLC</u>, 2009-0184 (36th JDC).

-3-

case under Chapter 7 of the Bankruptcy Code, and Rudy Young was duly appointed as trustee (the "Trustee"). Mr. Wright's engagement as special counsel for the debtor was approved by the court and Wright provided services to the Chapter 11 debtor-in-possession before conversion to Chapter 7. Mr. Wright filed two proofs of claim in this bankruptcy case: Claim Number 12 totaling $374,817.68, and Claim Number 13 totaling $74,363.00. (Exhibit No. 11). Attached to Claim No. 12 are billing invoices by Wright dated April 1, 2013, with a reference line of "Kite RV, LLC Liquidation." (Id.) This invoice includes a total for fees and expenses of $146,490.51 with a "previous balance" of $228,327.17. (Id.) In response to discovery requests by the Trustee, Wright produced additional billing invoices that covered work he purportedly performed for the debtor and his affiliated entities in the other state-court proceedings. Claim No. 13 reflects work performed by Mr. Wright *post-petition* from July 2013 through April 2014.

The Trustee filed objections to both of Mr. Wright's claims. In addition, Robert Kite and Kite Bros., LLC, filed objections to these claims. The court sustained the Trustee's objection to Claim Number 13 on the grounds that it was an attempt to assert an administrative expense claim beyond the deadline for asserting such claims. The court held an evidentiary hearing on the objections to Claim Number 12, which reflects solely *pre-petition* legal services.

-4-

## DISCUSSION

Under 11 U.S.C. § 502(a), a proof of claim properly filed pursuant to 11 U.S.C. § 501(a) and the applicable rules of bankruptcy procedure is *prima facie* evidence of the validity and amount of the claim. See 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). A claim is thus deemed allowed unless a party in interest files an objection. Id. The objecting party carries the initial burden of coming forward with evidence challenging the *prima facie* validity of the claim. The ultimate burden of proof, however, remains with the claimant. If the objecting party overcomes the *prima facie* validity of the claim, the claimant must prove its right to recovery by a preponderance of the evidence.

The crux of the Trustee's objection is that the pre-petition legal work performed by Mr. Wright in connection with the Kite RV, LLC liquidation was performed for Kite RV and Alan Kite *in his capacity as liquidator*. The Trustee asserts that the debtor was not *personally* liable for the fees incurred by counsel for the liquidator in connection with the administration of the Kite RV liquidation. Accordingly, the Trustee contends that the debtor's estate is not liable for these fees. The Trustee's objection satisfies his initial burden and Mr. Wright must, therefore, prove his right to recovery by a preponderance of the evidence.

Louisiana law governing the dissolution of limited liability

-5-

companies and the appointment of liquidators supports the Trustee's distinction between fees incurred by the debtor individually and fees incurred by the debtor as the liquidator of Kite RV. In general, court-appointed liquidators are not personally liable for the debts of the limited liability company or the costs of the liquidation, including attorneys' fees, as long as the liquidator complies with its duties and the requirements of the statute. See, e.g., Laporte, Sehrt, Romig & Hand CPA's v. Gulf Island Operations, Inc., 557 So.2d 359 (La. App. 4th Cir. 1990); Eagle Pacific Ins. Co. V. Production Systems, Inc.., 887 So.2d 18 (La. App. 1st Cir. 2004). Rather, liquidation costs are generally paid out of the proceeds of the liquidation. See 9 Louisiana Civil Law Treatise: Limited Liability Companies and Partnerships § 1:53 at 379 (4th ed.). Here, Mr. Wright entered into a retention agreement with Alan Kite *as the liquidator of Kite RV*. He also entered into a separate agreement with Alan Kite individually and Kite RV. Based on the court's review of the billing invoices produced by Mr. Wright as part of Claim No. 12 and Exhibit Nos. 11 and 15, these invoices reflect services rendered to the debtor in his capacity as the liquidator of Kite RV. Mr. Wright's billing records do not segregate or break-out any fees that pertain solely to services performed for the debtor in his individual capacity, and the testimony and exhibits admitted during the hearing on the Trustee's objection do not

-6-

provide a means for the court to make this determination.

Mr. Wright, however, argues that all of the fees are the responsibility of Mr. Kite's bankruptcy estate. He argues that, despite his role as counsel for the *liquidator*, he had an oral agreement with the debtor that the debtor would be *personally* liable for Wright's legal fees in connection with the liquidation proceeding. The record does not support any such an arrangement. While the record reflects some payments made to Mr. Wright by the debtor, it also reflects payments to Mr. Wright from other entities as well as payments that originated from proceeds of the Kite RV liquidation. (See, e.g., Exhibit Nos. 15, 22). Moreover, the debtor's own admissions in state court discovery responses appear to contradict Mr. Wright's assertions about the debtor's personal liability for attorneys' fees incurred in the liquidation. (See Exhibit No. 53). Specifically, in response to a request for admission that Kite RV was billed attorneys' fees for preparing a letter, debtor responded: "Kenneth Michael Wright may have billed me **as liquidator**, but I do not know if this letter is one referenced in any invoices." (Id. at 2-3) (response to Request for Admission of Fact No. 1(m))(emphasis added). In response to a request for admission that debtor "caused Kite RV to pay your attorney for preparing this letter," the debtor responded: "Kite RV, LLC **in liquidation** has paid Kenneth Michael Wright, but I do not know if

-7-

Kite RV, LLC paid for this letter or not." (Id.) (response to Request for Admission of Fact No. 1(n))(emphasis added). The only evidence in the record about this arrangement is Mr. Wright's testimony, which the court does not find credible in light of the payment history of his fees and the debtor's own admissions.[3] In sum, Mr. Wright has not met his burden of proof with respect to the debtor's personal liability for attorney fees incurred in connection with Wright's representation in the Kite RV liquidation.

## CONCLUSION

For the foregoing reasons, the court **SUSTAINS** the Objections to Claim filed by the Trustee and Robert Kite and Kite Bros. and orders that Claim Number 12 filed by Kenneth Michael Wright be **DISALLOWED** in its entirety.

**IT IS SO ORDERED.**

###

---

[3] The debtor did not testify or otherwise participate in the hearing because he died in July 2015.